W. J. FOX v. J. T. ROBISON, COMMISSIONER OF THE GENERAL LAND OFFICE, ET AL.

No. 3185. Decided March 16, 1921.

(229 S. W., 458).

**Oil and Gas—Public Lands—Permit—Abandonment.**

The holder of a permit to prospect for oil, etc. on public lands under the Act of April 9, 1913, Laws, 33d Leg., pp. 409-419, who files in the General Land Office his relinquishment of such permit is not competent to immediately apply for and receive a new permit; if granted, such new permit is invalid; and the land is open to application for permit by another. Fox v. Robison, 111 Texas, 73, Followed. (P. 82).

Original application by Fox to the Supreme Court for writ of mandamus against Robison as Commissioner of the General Land Office, with whom T. M. Maes, J. B. Morrison, A. W. Perryman, L. H. Bailey, and the Hoffman Oil & Refining Corporation were joined as respondents. Plea of intervention was filed by R. M. Love, R. Bradbury, L. A. Adamson, L. A. DeVoss, W. H. Rhoades, Q. U. Watson, J. D. Outlaw, I. Calvin, A. M. King, Vernon Kelley, L., E. Norton, Hugh Wood, J. McConnell, E. W. Watts, J. C. Dougherty, F. P. Davis, T. P. Kalb, J. W. Atchison, J. W. Edwards, T. J. Rock, Carey Shaw, and P. Harvey.

*S. H. Brashear,* for relator.—See briefs of relator in cause No. 3184, ante, p. 73.

*C. M. Cureton,* Attorney-General, and *E. F. Smith,* Assistant, for respondent Robison.—See briefs in cause No. 3184, ante, p. 73.

111 Tex.—6

*Atkinson & Atkinson, R. M. Love,* and *C .E. Crocker,* for interveners.

MR. JUSTICE PIERSON delivered the opinion of the court.

The relator instituted this proceeding in this Court to compel respondent J. T. Robison, Commissioner of the General Land Office, by mandamus to accept his application and to issue to him an oil and gas permit, in terms of and conditioned as required by the law, based upon his application of date November 9, 1916.

This is a companion case to No. 3184, W. J. Fox, Relator, v. J. T. Robison, Commissioner, et al., Respondents, in which an opinion was delivered March 9, 1921. The facts are the same, as far as the merits of issues to be determined are concerned. Parties interveners are different, but the writ of mandamus prayed for in this case, as in that one, is dependent upon the validity of an application for an oil and gas permit by respondent Maes and a permit granted thereon by respondent Land Commissioner immediately following a relinquishment by respondent Maes.

Having fully interpreted and applied the law (Title 93, Chap. 1, Vernon's Sayles' Texas Civil Statutes) in that case, and the issues being identical here, we will not discuss the law in this case.

The granting of a second permit to Maes by the Commissioner of the General Land Office was in contravention of the statutes, and therefore void. Relator's application being in all respects regular, and the land being subject to re-location, a permit should have been awarded to him. The rights of the other respondents herein being dependent upon the validity of the second permit issued to Maes, the disposition of that question herein necessarily concludes their interest in and to a lease on said lands.

The writ is granted directing the Commissioner of the General Land Office to issue to relator a permit under the terms of the statutes in force at the time of the filing of relator's application.